OPINION
Harold Bowers, defendant-appellant, appeals the judgment of the Franklin County Court of Common Pleas finding him to be a sexual predator. Appellant asserts the following assignments of error:
First Assignment of Error
 The trial court's decision finding Appellant to be a "sexual predator" as defined by 2950.01(E) is contrary to the weight of the evidence.
 Second Assignment of Error
 The trial court erred by finding, as a matter of judicial notice, that those who engage in pedophilic conduct are not curable.
On January 6, 1992, appellant was indicted on one count of felonious sexual penetration, attempted rape and one count of gross sexual imposition, all involving appellant's ten-year-old stepdaughter. On July 31, 1992, appellant entered a guilty plea to one count of attempted rape and was sentenced accordingly.
In 1999, the Ohio Department of Corrections recommended that appellant be adjudicated a "sexual predator" subject to the registration and notification requirements of R.C. Chapter 2950. The matter came on for hearing in the Franklin County Court of Common Pleas on August 5, 1999. No testimony was presented at the hearing. Instead, the parties stipulated to the following documents: (1) a certified copy of the indictment; (2) a certified copy of the guilty plea; (3) a certified copy of the sentencing entry; (4) a transcript of the plea hearing; (5) a pre-sentence investigation; and (6) a form taken from appellant's institutional records on which he indicated that he was unwilling to participate in sex offender counseling.
The defense offered without objection the following two documents: (1) an institutional summary; and (2) a document establishing that appellant had no prior record.
The important factor in the trial court's review of the factors set forth in R.C. 2950.09(B)(2) was that appellant, a forty-seven-year-old stepfather of the ten-year-old victim, according to the pre-sentence investigation, had sexually molested the victim over a period of time threatening to kill her mother and her sisters if she told anyone. Thus, there was evidentiary support that it was not an isolated incident but a series of pedophilic activity by a person in a position of trust and guardianship of the child. There was evidence that appellant was abusing alcohol at the time these events took place. The trial court also noted that appellant refused to engage in any type of sexual counseling while in prison.
The trial court then stated, as follows, in its decision explaining the reasons for finding appellant to be a "sexual predator":
 I want to state very clearly that were this an offense other than an offense involving a child of ten years of age, or a child, the court's decision would be other than what it will be. I am going to find that Mr. Bowers is a sexual predator.
 That is based solely on the fact that the court has had in the past presented to it in court, and also some individual research on my own part regarding pedophiles, I believe that in an offense of a pedophilic nature, one of the things that always seems to go along with pedophilic offenses is the ingestion of alcohol because it lowers the inhibitions. And people are more inclined to do what they think about doing but normally don't do when they are in a more rational frame of mind.
 Going on, because I want the record to be very clear on this, were this not an offense involving a young child of this sort, the court would agree with you, Miss Younger, that Mr. Bowers should be classified, put in some classification other than sexual predator.
 I am doing that because I assume that this decision will be appealed. If I am incorrect in taking, in effect, judicial notice of the noncurable aspects of pedophilic conduct, then I would like to know about that. So, I hope this is some solace to Mr. Bowers, who would have an opportunity to have somebody else take a look for the basis of the court's decision. [Tr. 15.]
We will address appellant's second assignment of error first.
The trial court based its judgment, at least in part, on the fact that it could take judicial notice that pedophiles are incurable and, thus, will always be likely to engage in this type of conduct in the future.
In appellant's second assignment of error, he contends that the trial court erred by finding as a matter of judicial notice that those who engage in pedophiliac conduct are not curable.
Evid.R. 201, entitled Judicial Notice of Adjudicative Facts, provides, as follows:
(B) Kinds of facts
 A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot [reasonably] be questioned.
Finding as a matter of fact without proof that a pedophilic offender will engage in future conduct of that type if given the opportunity cannot be judicially noticed. It is not something which is generally known within the territorial jurisdiction of the trial court or capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. The trial court based his taking of judicial notice upon facts that had been presented to the court previously and research on his own part concerning pedophiles. These are not matters generally known within the territorial jurisdiction of the court as there are many reasonable persons who have no accurate knowledge of this matter; even the definition of who is a pedophile may be debatable. Furthermore, the unquoted sources for the trial court's identification of that fact are not the unimpeachable sources of information contemplated in Evid.R. 201(B).
It is probable that there is a considerable dispute among even experts in the field about who is a pedophile and whether pedophiles are curable. Treatment is provided to pedophiles, including through the course that appellant was offered and refused, that are calculated to help the offender to cope with any predilection that the person may have.
Even the state does not seriously contest the fact that judicial notice is improper. The state, however, does contend that the error was harmless since the only possible finding of the trial court was the one that the trial court made. We disagree with that argument.
The evidence presented in this case is sufficient for the trier of the fact to make a determination that the offender is a "sexual predator," but that may not be the only judicially defensible finding that the trial court could make. The pertinent factors specified by R.C. 2950.09(B)(2) must be weighed without the benefit of judicial notice to find whether the evidence, as a whole, supports a finding that the defendant is a "sexual predator" by clear and convincing evidence. While the evidence of sexual abuse of a ten-year-old child by her stepfather is an important one, it is not a factor that is determinative as a matter of law.
The trial court noted that he may not have made the same determination had the sexual abuse been directed against an adult rather than a minor, a factor which the trial court may consider after the use of judicial notice is eliminated. It is valid to consider the nature of the crime, against whom it is committed, how frequently, and what relationship there was between the victim and the offender. A trial court may properly consider an offense against an adult to indicate less of the probability of future conduct of the same nature than the same conduct against a relatively defenseless minor. In either case, all relevant factors that shed light upon future conduct should be considered.
Appellant's second assignment of error is sustained.
It is premature to decide appellant's first assignment of error as the trial court has not yet weighed the applicable factors to make a determination that appellant is, or is not, a sexual predator without using judicial notice as a partial basis. For that reason, appellant's first assignment of error is overruled.
Appellant's first assignment of error is overruled, and appellant's second assignment of error is sustained. The judgment of the trial court is reversed and this case is remanded to the trial court for further procedure in accordance with this opinion.
Judgment reversed and case remanded.
BRYANT and BROWN, JJ., concur.
McCORMAC, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.